**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BRIAN RIDLEY
ADC #132246                                                                                    PLAINTIFF

V.                                  5:05CV00227 JLH/JTR

J. M. STEVENS,
Correctional Officer, Cummins Unit,
Arkansas Department of Correction, et al.                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States Chief District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the Wrightsville Unit of the Arkansas Department of Correction, has commenced this § 1983 action alleging that Defendants violated his constitutional rights while he was incarcerated at the Cummins Unit. *See* docket entry #1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.

## II. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  Analysis of Plaintiff's Claims

In his Complaint, Plaintiff alleges that Defendants caused him to be wrongfully convicted of a disciplinary infraction, which was not supported by substantial evidence, in violation of his Fourteenth Amendment right to due process. *See* docket entry #1. As punishment for his disciplinary conviction, Plaintiff contends that he lost 109 days of good time credits and was placed in punitive isolation for thirty days.  *Id.*   By way of relief, Plaintiff requests  the reversal of his disciplinary conviction, the restoration of his good time credits, and monetary damages.

When a state prisoner challenges a disciplinary conviction in a § 1983 action, the court must determine: (1) whether there is a liberty interest at stake; and (2) if so, the forum for hearing that constitutional challenge.   Each of these issues will be addressed separately.

**A.**     **Liberty Interest**

The Due Process Clause of the Fourteenth Amendment prohibits the State from depriving

any person of life, liberty, or property without due process of law. U.S. CONST. amd. XIV. Because Plaintiff does not contend that Defendants deprived him of life or property, the the Court must determine whether Plaintiff has a liberty interest at stake. *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003).

In the context of challenging a disciplinary conviction, the Supreme Court has clarified that an inmate has a liberty interest at stake, and thus a right to due process, only if the punishment: (1) results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"; or (2) affects the length of the prisoner's sentence. *Sandin v. Conner*, 515 U.S. 472, (1995); *Wolff v. McDonnell*, 418 U.S. 539 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

The Eighth Circuit has consistently held that administrative and disciplinary segregation, and the temporary loss of certain privileges while in segregation, are not the kind of "atypical and significant" deprivations that create a liberty interest under *Sandin. See Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was <u>not</u> an atypical and significant hardship under *Sandin*); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (holding that thirty days in punitive isolation – resulting in the loss of working, mailing, commissary, and telephone privileges – was <u>not</u> an atypical and significant hardship under *Sandin*).

Under the Court's holdings in *Portley-El* and *Freitas,* Plaintiff's punishment of serving thirty days in punitive isolation does not create a liberty interest capable of supporting a due process claim. However, Plaintiff's allegation that he lost 109 days of good time credit, as a result of his disciplinary conviction, is sufficient to create a liberty interest and the corollary right to due process. *Wolff*, 418 U.S. 539 (1974); *Preiser,* 411 U.S. 475 (1973).

**B.     Exhaustion Of State Court Remedies**

The Court must now determine if Plaintiff's constitutional challenge to his disciplinary conviction has progressed to the point that it can be maintained as a § 1983 action in federal court. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Court held that, if a judgment in favor of a prisoner in a § 1983 action would "necessarily imply the invalidity" of a conviction, continued imprisonment, or sentence, then no § 1983 claim for damages could be brought until the conviction or sentence was reversed, expunged, or called into question by the appropriate state court. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended its holding in *Heck* to <u>prison disciplinary proceedings that resulted in the loss of good time credits</u>. In doing so, the Court held that a § 1983 action is <u>not</u> cognizable if a judgment in favor of the prisoner would "necessarily imply the invalidity of the deprivation of good time credits." *Id.* at 646.

In this case, Plaintiff has challenged the sufficiency of the evidence used to sustain his disciplinary. Thus, a judgment in Plaintiff's favor would necessarily imply the invalidity of his disciplinary conviction, which resulted in the loss of his good time credit. Therefore, Plaintiff cannot pursue a § 1983 claim until his disciplinary conviction is reversed, expunged, or called into question by a state or federal court. Specifically, Plaintiff must: (1) file an appropriate action in the state trial court; (2) appeal any adverse ruling to the highest state appellate court; and (3) challenge an unfavorable ruling from the highest state appellate court by filing a § 2254 habeas action in federal court. *See* 28 U.S.C. § 2254(b) (providing that: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State"). Thereafter, Plaintiff can re-file a § 1983 claim for damages if, and only if, he succeeds in having his

disciplinary conviction reversed, expunged, or called into question in either his state or federal habeas proceedings. *Sheldon v. Hundley*, 83 F.3d 231, 234 (8th Cir. 1996).

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.	Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Plaintiff's § 1983 Complaint (docket entry #1) be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.	The dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).[1]

3.	The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[2] that an *in forma pauperis* appeal from any Order and accompanying Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 4th day of October, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[2] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."